IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| ) | |
| v. ) | Case No. 3:94cr0092 |
| ) | |
| ) | JUDGE HAYNES |
| ERROL EUGENE WASHINGTON ) | |

## ORDER

Before the Court is the Defendant's unopposed motion for a reduction in sentence under 18 U.S.C. § 3582(c) and United States Sentencing Guidelines ("U.S.S.G.") § 1B1.10 (Docket Entry No. 287), and proposed order (Docket Entry No. 288). The Defendant's motion is based upon changes to the crack cocaine guidelines that the Sentencing Commission approved to apply retroactively beginning on November 1, 2011. Id. at 2. According to the motion, the Defendant, the Government, and the Probation Office agree that the Defendant's amended guidelines range for his crack cocaine offenses would be 151 – 188 months after November 1, 2011. Id. The Defendant and the "Government's attorney, Matthew J. Everitt, agree that Mr. Washington should be resentenced and the Judgment in this case should be amended to reflect a sentence of 211 months, which represents the reduced 151-month sentence plus his consecutive 60-month sentence on the firearms count." Id.

Yet, two recent Sixth Circuit cases have denied motions for sentence reductions because the crack cocaine guidelines under the Fair Sentencing Act ("FSA") do not presently apply retroactively. In United States v. McConnon, 2011 WL 3052529 (6th Cir. July 26, 2011), the Sixth Circuit noted that the Sentencing Commission had approved changes to the retroactivity of the FSA:

> On August 3, 2010, while the case was on appeal, Congress passed the Fair Sentencing Act of 2010 ("FSA"), which changed the statutory penalties for offenses involving crack cocaine, significantly reducing the disparity between sentences for offenses involving crack and powder cocaine. The FSA did not contain a provision making the statutory changes retroactive.

> The United States Sentencing Commission was made responsible for amending the guidelines to implement the FSA. In fact, in April of 2011, the Sentencing Commission promulgated an amendment to the guidelines making the drug quantity table consistent with the FSA. Then, on June 30, 2011, the Sentencing Commission voted unanimously to make the amended drug quantity table retroactive. The amendments making retroactive changes to the drug quantity table will become effective on November 1, 2011, **absent congressional action to the contrary**.

Id. at *2 (emphasis added).

Yet, the Sixth Circuit in McConnon denied the defendant's motion for re-sentencing under this provision.

> We also find no basis to remand for re-sentencing pursuant to the FSA. Because this court has ruled that the FSA does not apply retroactively to persons, like McConnon, who were sentenced before the statute became law, McConnon cannot reap the benefits of a reduction in sentence under the FSA. United States v. Carradine, 621 F.3d 575, 580 (6th Cir.2010). Furthermore, the amendments to the sentencing guidelines, which implement the FSA, are not yet effective and do not entitle McConnon to a re-sentencing at this time.

Id. at *4.

Similarly, in United States v. Ruff, No. 08-4428, 2011 WL 4000852 (6th Cir. Sept. 9, 2011), the Sixth Circuit denied the defendant's request for re-sentencing under the FSA.

> In a supplemental brief, Ruff argues that the Fair Sentencing Act of 2010 ("FSA"), signed into law on August 3, 2010, retroactively applies to his case. See Pub.L. No. 111–220, 124 Stat. 2372 (amending sentencing provisions in 21 U.S.C. § 841) . . .[.]
>
> Unfortunately for Ruff, the FSA is not retroactive. United States v. Carradine, 621 F.3d 575, 580 (6th Cir.2010). Every circuit that has considered the question agrees. See, e.g., United States v. Diaz, 627 F.3d 930, 931 (2d Cir.2010) (per curiam); United States v. Reevey, 631 F.3d 110, 111 (3d Cir.2010); United States v. Lewis, 625 F.3d 1224, 1228 (10th Cir .2010); United States v. Brewer, 624 F.3d 900, 909 n. 7 (8th Cir.2010); United States v. Bell, 624 F.3d 803, 814 (7th Cir.2010); United States v. Gomes, 621 F.3d 1343, 1346 (11th Cir .2010).
>
> Ruff's crime occurred before the FSA became law. Therefore, it is of no help to him, and he is not entitled to resentencing.

Id. at * 3. See also United States v. Ruffin, 2:09cr045, 2011 WL 4373755, *3 (E.D. Tenn. Sept. 19, 2011).

Accordingly, the Defendant's unopposed motion for reduction of sentence (Docket Entry No.

287) is **DENIED WITHOUT PREJUDICE**.

It is so **ORDERED**.

Entered this the ___13th___ day of October, 2011.

                                          WILLIAM J. HAYNES, JR.,
                                          United States District Judge